IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                No. CR 08-0784  JB

DAVID PASILLAS,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on the Defendant's Appeal of Detention Order, filed June 17, 2008 (Doc. 92)("Motion").  The Court held a hearing on July 1, 2008.  The primary issue is whether the Court can fashion a combination of conditions that minimizes the risk of nonappearance and the risk of danger to the community that Defendant David Pasillas' pre-trial release would present.  Because the Court believes that it can fashion conditions that minimize the risk of nonappearance and the risk of danger, the Court will vacate the Honorable Carmen E. Garza, United States Magistrate Judge's Detention Order and enter an order that imposes conditions of release.

**FACTUAL BACKGROUND**

       Pasillas was born in 1953 in Colina Ordion, Zacatecas, Mexico and is a fifty-four year old resident of Roswell, New Mexico.  See Pretrial Services Report at 1 (dated April 29, 2008)("PTSR").  He has resided in New Mexico since approximately 1975.  See id.  According to the United States Border Patrol, Pasillas became a resident alien on November 11, 1990, and has remained a resident alien.  See id.  He has been married to a United States citizen since 1981.  See

id.; Motion ¶ 2, at 1.

Pasillas has significant ties to Roswell. See Motion ¶ 4, at 2. Pasillas and his wife, Mary, currently own their home at 209 E. Forrest in Roswell. See id. ¶ 2, at 1; PTSR at 1. Pasillas has reported, and Pretrial Services has confirmed, that he has resided in the Roswell community and at that address for twenty-five years. See PTSR at 1. Pasillas has four daughters, two of which reside in Roswell, one in El Paso, Texas, and one in Ciudad Juarez, Chihuahua, Mexico. See id.; Motion ¶ 4, at 2. Five grandchildren also reside in Roswell. See Motion ¶ 4, at 2. Pasillas is extremely close to his wife, children, and grandchildren in Roswell, but has cut all ties to the daughter who lives in Mexico and has not communicated with her recently. See id.

Although this case involves a minimum mandatory sentence, Pasillas is safety-valve eligible, as he does not have any criminal history.

Pasillas is disabled and has been since 1989, when he sustained a severe head injury in a motor-vehicle accident. See Motion ¶ 3, at 2. He experiences concentration and communication problems, and memory and learning deficiencies. See id. Pasillas has provided day care for several of his grandchildren while their parents worked. See id. ¶ 4, at 2. Other than pursuing some musical aspirations, Pasillas has primarily stayed at home to take care of his house and provide day care for grandchildren. See id. His monthly income is $540.00. See PTSR at 1.

## PROCEDURAL BACKGROUND

On January 31, 2008, Pasillas initially appeared in Roswell before the Honorable Kea W. Riggs, United States Magistrate Judge, subsequent to his arrest for Possession with the Intent to Distribute 12 Pounds of Methamphetamine. See Clerk's Minutes, filed January 31, 2008 (Doc. 3). On February 5, 2008, in Las Cruces, New Mexico, the Honorable Carmen E. Garza, United States Magistrate Judge, ordered Pasillas detained as a danger to the community. See Order of Detention

Pending Trial, filed February 5, 2008 (Doc. 20)("Order of Detention").

Pasillas indicated that, if he is released on bond, he will live at 209 Forrest in Roswell. Pasillas' family is confident that he does not pose a flight risk and would appear in Court as ordered if released on bond.  See Motion ¶ 5, at 2.  Pasillas' wife would agree to be a third-party custodian for Pasillas, and his daughter and husband, Patricia and Reynaldo Mendiola, have agreed to co-sign an unsecured bond for Pasillas.  See id.  Pasillas stated to the Unites States Probation Office, and the United States Border Patrol verified, that he is a resident alien.  See PTSR at 1.

On April 29, 2008, a United States Pretrial Officer, Martin Martinez, disclosed a pretrial report pursuant to 18 U.S.C. § 3154(1).  See PTSR at 1.  Martinez provided a recommendation of release on conditions for the Court's consideration.  See id. at 3.  The bail report did not address the weight of the evidence, see 18 U.S.C. § 3142(g)(2), or the rebuttable presumptions for detention, see 18 U.S.C. § 3142(f)(e).  See PTSR at 1.

On May 30, 2008, Pasillas appeared before Judge Garza for a hearing on his Motion to Reconsider Conditions of Release, which his counsel had filed.  See Clerk's Minutes, filed May 30, 2008 (Doc. 82).  The United States Pretrial Services, through Martinez, did not oppose Pasillas' release at the hearing on his Motion to Reconsider Conditions of Release and recommended that Judge Garza release Pasillas on conditions.  See id.; Motion ¶ 6, at 2-3.  At that time, Assistant United States Attorney Renee L. Camacho opposed release, stating that she believed Pasillas to be a flight risk.  See Motion ¶ 6, at 2-3.  Judge Garza denied the motion, because of her concerns she did not believe that Pasillas had overcome the presumption of flight risk and dangerousness based on the strength of the case and the nature of the offense, and her concern that Pasillas would be deported if he is convicted of this offense.  See Federal Digital Tape Recorder ("FTR") at 11:05:57-

11:06:07 (recorded May 30, 2008);[1] Clerk's Minutes at 1, filed May 30, 2008 (Doc. 82). Judge Garza also affirmed her original Detention Order, which she had signed on February 5, 2008. See Clerk's Minutes at 1, filed May 30, 2008 (Doc. 82); Order of Detention.

Since Martinez prepared the original bail report, Pasillas has been indicted on charges of Conspiracy, and Possession with Intent to Distribute 50 Grams and More of Methamphetamine (Aiding and Abetting). See Indictment, filed April 17, 2008 (Doc. 50)("Indictment"). Specifically, he is charged with a drug conspiracy involving approximately 12 pounds or more of methamphetamine, its salts, isomers, and salts of its isomers, in violation of 21 U.S.C. § 846. See Indictment.

Pursuant to 18 U.S.C. § 3145(b), Pasillas appeals the May 30, 2008 Order denying his Motion to Reconsider Conditions of Release and affirming the detention order that Judge Garza entered on February 5, 2008. See Motion at 1. Judge Garza's concern about Pasillas is that he would be a flight risk and pose a danger to the community because of his status as a resident alien, and the possibility that he could be deported if he is convicted of this offense. See FTR at 11:05:57-11:06:07

Ms. Camacho opposes Pasillas' release. See Motion ¶ 10, at 4. At the time that Pasillas filed his appeal, Pasillas' counsel had been unable to reach Martinez. See id. ¶ 9, at 4. Since Pasillas filed his Appeal, Martinez has recommended that the Court release Pasillas on a $10,000.00 secured bond, with the following conditions: (i) Pretrial Services' supervision; (ii) release to third-party custody of Ms. Mendiola; (iii) travel restricted to county of residence with direct travel within the

---

[1] The hearing was recorded on tape rather than by written transcript. The Court is, therefore, unable to provide pinpoint transcript citations to the dialogue at the hearing. The Court instead cites to the record meter.

State of New Mexico for court appearances; Pretrial Services is authorized to expand travel within the United States only, if necessary; (iv) refrain from any use or possession of a firearm, destructive device, or other dangerous weapon or ammunition; (v) refrain from any use of alcohol; (vi) refrain from any use or unlawful possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner; (vii) submit to drug testing/treatment at Pretrial Services' discretion; and (viii) participate in an electronic monitoring program (lock down).  At the July 1, 2008 hearing, the United States conceded that Pasillas did not pose a risk of danger to anyone or to the community.  See Transcript of Hearing (taken July 1, 2008)("Tr.") at 9:10-15 (Court & Camacho), id. at 10:4-10.[2]

## LAW REGARDING PRETRIAL DETENTION

The court cannot detain an accused unless there are no conditions or combinations of conditions that will reasonably assure the appearance of the person as required and the safety of any other person and the community.  See 18 U.S.C. § 3142(b).  The United States bears the burden of showing that the defendant is either a flight risk or a danger to the community.  Dangerousness must be established by clear-and-convincing evidence.  See 18 U.S.C. § 3142(f)(2)(B)("The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence.").  Risk of flight must be established by a preponderance of the evidence.  See United States v. Cisneros, 328 F.3d 610, 612 (2003).

The Court has dealt with resident aliens on a case-by-case basis, studying the specific circumstances in the particular case.  The Court has released resident aliens on stringent conditions.

---

[2] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

See United States v. Moreau, No. CR07-388 JB, 2007 WL 2219412 at **1, 5 (D.N.M. May 7, 2007)(Browning, J.)(releasing the defendant, a resident alien, because his ties to Haiti ended when he moved to the United States at a young age, and his ties to Haiti were weak and imposing the following conditions: "Moreau to post a $20,000.00 secured bond -- if a bond in that amount cannot be posted, Moreau will be required to stay at the La Posada Halfway House in Albuquerque, New Mexico; if a bond in that amount can be posted, Paul Moreau will be required to act as Moreau's third-party custodian. Further, if possible, the Court will require Moreau to comply with an electronic-monitoring regime."). In United States v. Moreau, the defendant faithfully attended all court proceedings, and the jury acquitted him of all charges at trial. On the other hand, the Court has been concerned that other defendants could, facing conviction and lengthy imprisonment, flee to Mexico, which borders the state. See United States v. Rodriguez-Rodriguez, No. CR 06-537 JB, 2007 WL 1302586 at * 5 (D.N.M. April 12, 2007)(Browning, J.)(detaining the defendant who was a legal permanent resident because the defendant was not forthcoming in disclosing information to Pretrial Services about his personal ties, including that his girlfriend was ineligible to be a third-party custodian because of her illegal residency status); United States v. Garcia-Flores, No. M 06-3822 JH, 2006 WL 4079122 at *2 (D.N.M. May 15, 2006)(Browning, J.)(detaining the defendant because "the Court [wa]s concerned that [the defendant wa]s a legal resident alien facing as much as 10 years imprisonment if convicted -- especially in light of the fact that [the defendant] has lived in Mexico before his arrest, and he was not completely honest with Pretrial Services when he told Pretrial Services that he did not travel to Mexico, while his wife admitted to Pretrial Services that he visits Mexico weekly.").

**ANALYSIS**

The Court does not believe that Pasillas poses an unreasonable danger or risk of flight. The

Court concludes that conditions it can impose will alleviate its concerns about these two issues. The Court believes that it can fashion conditions or combinations of conditions that will reasonably assure Pasillas' appearance and the safety of the community.

### 1. Risk of Nonappearance.

While one of Pasillas' daughters resides in El Paso, two of Pasillas' daughters reside in Roswell. Though one daughter resides outside of the United States, Pasillas does not appear to have any current ties with her. The Court believes that it is unlikely Pasillas would flee to Mexico, because he would not wish to break the emotional ties to his immediate family nor physically leave his wife, children, and grandchildren. There is not much in Pasillas' background -- lack of criminal history, strong family ties, lengthy residence in the community, no history relating to drug or alcohol abuse, no record concerning non-appearance at court hearing -- that would indicate a flight risk, or that he would not comply with any and all conditions of release.

### 2. Conditions and Combinations of Conditions.

The record does not support the decision to detain Pasillas without bond, and Pasillas should be released on reasonable conditions. There are conditions or a combination of conditions that will reasonably assure the appearance of Pasillas at court and the safety of the community. Mrs. Pasillas can act as a third-party custodian. Pasillas can be placed under Pretrial Services' supervision, subject to home visits and drug testing, and any other conditions that Pretrial Services recommends. Pasillas can also be placed on electronic monitoring. Pasillas' daughter and her husband, Patricia and Reynaldo Mendiola, can co-sign a secured bond.

**IT IS ORDERED** that the requests in the Defendant's Appeal of Detention Order are granted in part and denied in part. The Magistrate Judge's order of detention is vacated. The Court will enter an order setting reasonable conditions of release.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Renee L. Camacho
  Assistant United States Attorney
Las Cruces, New Mexico

    *Attorney for the Plaintiff*

S. Doug Jones Witt
The Jones Witt Law Firm
Roswell, New Mexico

    *Attorney for the Defendant*