IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                          No. CR 08-784 JB

DAVID PASILLAS,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Unopposed Motion for Hospitalization of Defendant for Treatment to Restore Competency and for a Determination as to Whether the Defendant Can Be Treated to Competency, filed May 6, 2009 (Doc. 189). The Court held a hearing on June 10, 2009. The primary issue is whether the Court should order Defendant David Pasillas committed to the custody of the Attorney General, to be hospitalized at a United States Medical Center for Federal Prisoners ("FMC") to receive treatment to restore competency and to determine whether he can be treated to competency. Because the Court finds, by a preponderance of the evidence, that Pasillas is presently not competent to assist properly in his defense, the Court will order that Pasillas be committed to the custody of the Attorney General so that he can be hospitalized to receive treatment to restore competency and to determine whether he can be treated to competency.[1]

---

[1] At the hearing, the United States clarified that, by its motion, it did not seek forced medication, but only hospitalization "for treatment . . . as is necessary to determine whether there is substantial probability that in the foreseeable future [Pasillas] will attain the capacity to permit the proceeding to go forward . . . ." 18 U.S.C. § 4241(d)(1). Accordingly, the Court orders no more than what the United States requests, and what the statute, upon which the United States relies, allows.

## PROCEDURAL BACKGROUND

On September 12, 2008, Pasillas underwent a psychological evaluation with Dr. Guido Barrientos, Ph.D. Dr. Barrientos' opinion was that Pasillas is not competent because of significant intellectual limitations that can be considered permanent in nature. On February 24, 2009, Pasillas underwent a second evaluation with Dr. Abraham Fiszbein, M.D. Dr. Fiszbein concluded that, although Pasillas has a rational and factual understanding of the charges against him, he does not presently have the ability to consult with his lawyer with a reasonable degree of rational understanding.

The United States requests that the Court make a provisional finding that Pasillas is not presently competent, given his inability to consult with his lawyer with a reasonable degree of rational understanding. The United States also asks that the Court revoke Pasillas' conditions of release and that Pasillas be committed to the custody of the Attorney General, at an FMC for a period not to exceed four months, to be hospitalized for treatment and to determine whether there is a substantial probability that Pasillas will attain competency in the foreseeable future.

Doug Jones-Witt, Pasillas' attorney, does not oppose the United States' motion.

## ANALYSIS

After a hearing conducted pursuant to 18 U.S.C. § 4247(d), if

> the court finds, by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility . . . .

18 U.S.C. § 4241(d). Such hospitalization must be "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in

the foreseeable future [the defendant] will attain the capacity to permit the proceedings to go forward . . . ." Id. § 4241(d)(1).

At the hearing, the Court noted that all parties agree that Pasillas needs to be committed to the custody of the Attorney General for a period not to exceed four months for a competency evaluation. The Court also believes that Pasillas needs to be committed for a competency evaluation. The Court finds, by a preponderance of the evidence, that, at the present time, Pasillas does not appear to be capable of assisting his counsel in the defense of the charges against him. The Court will therefore order that Pasillas' conditions of release be revoked and that he be committed to the Attorney General's custody for a period not to exceed four months. The Court will also allow Pasillas to self-surrender to the custody of the United States Marshals.

The Court orders that Pasillas will surrender himself into the Marshals' custody on June 24, 2009, which is two weeks from the date on which the hearing was held. On that date, Pasillas must present himself to the Marshals in Roswell. From there, the Marshals will transport him to the facility where he will be evaluated.

**IT IS ORDERED** that the United States' Unopposed Motion for Hospitalization of Defendant for Treatment to Restore Competency and for a Determination as to Whether the Defendant Can Be Treated to Competency is granted. Defendant David Pasillas shall surrender himself to the United States Marshals in Roswell, New Mexico, on June 24, 2009.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Albuquerque, New Mexico

-- and --

Renee L. Camacho
  Assistant United States Attorney
Las Cruces, New Mexico

    *Attorneys for the Plaintiff*

S. Doug Jones Witt
Ruidoso, New Mexico

    *Attorneys for the Defendant*